UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| ESTATE OF RICHARD J. GONZALEZ, | ) | |
| Deceased, by ARTHUR GONZALEZ, | ) | |
| Administrator, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  13 C |
| vs. | ) | |
| | ) | Judge |
| FORD COUNTY, | ) | Magistrate Judge |
| Sheriff MARK DORAN, | ) | |
| JOHN AND JANE DOES, unknown employees, | ) | |
| | ) | Jury Demand |
| Defendants. | ) | |

## COMPLAINT

30 year old Richard Gonzales died, alone in a padded cell, at the Ford County Jail on May 23, 2012. This is a civil rights and wrongful death action seeking monetary damages on behalf of the Estate of Richard J. Gonzalez and his heirs. Defendants and their policies were deliberately indifferent to the safety, welfare, care and treatment of Richard and are liable for his death.

### JURISDICTION AND VENUE

1.  The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; Judicial Code, 28 U.S.C. §§1331 and 1343(a); and supplementary jurisdiction, as codified in 28 U.S.C. §1367(a).

### PARTIES

2.  Plaintiff Estate of Richard J. Gonzalez, brings this action by Arthur Gonzalez, Richard's father, a resident of the State of Illinois and the administrator for the estate duly appointed in the Circuit Court for the Fifth Judicial Circuit of Illinois, Vermilion County, Danville, Illinois. (*In the matter of the Estate of Richard John Gonzalez,* 2012 P 182).

1

3. At all relevant times, Defendant Mark Doran was the duly elected sheriff of Ford County and chief administrator of the Ford County Jail. At all relevant times, he was acting under color of law and in the course and scope of his employment as the agent, servant, and, as a matter of law, the official representative of Defendant Ford County and as the County's chief law enforcement officer. Defendant Doran is sued in his individual capacity and in his official capacity as Sheriff of Ford County.

4. Defendant Doran was the commanding officer of all Ford County sheriff's deputies, correctional officers, and jail employees, and he was responsible for their training, supervision, and conduct.

5. Defendant Doran County is responsible for the implementation of the policies, procedures, practices, and customs, as well as the acts and omissions, challenged by this suit.

6. Defendant Doran is also responsible for ensuring that all of its facilities, including the Ford County Jail, are in compliance with federal and state law, department or agency policies, rules, and regulations, and related standards of care.

7. Defendants John and Jane Does are as yet unidentified and unknown individual employees, contractors, and agents working at the Ford County Jail who had contact with and/or responsibility for the care and safety of Richard while he was a detainee at the jail.

8. Defendant Ford County is a governmental entity within the State of Illinois which funds and operates the Ford County Jail and was at all relevant times required to indemnify Defendant Doran and all employees, contractors and agents.

## FACTS

9. Richard J. Gonzalez, a 30 year old resident of Hoopeston, Illinois, was taken into custody at the Ford County Jail on May 15, 2012, and was awaiting transfer to a facility within

2

the Illinois Department of Corrections.

10. On May 18, Richard suffered a serious medical need and county employees took him, in custody, to a nearby emergency room for treatment and returned him to the jail the same day.

11. Richard continued to experience serious medical needs, including but not limited to pain and being provided improper and ineffective prescription medication, but Defendant Doran and/or Defendant Doe(s) failed and/or refused to provide him treatment or assistance and instead locked him in a solitary padded cell.

12. On May 23, 2012, at about 4:00 a.m., Defendants' employees found Richard dead in the solitary padded cell at the Ford County Jail.

13. During the time that Richard was incarcerated at the Ford County Jail, he suffered serious medical and mental health needs, including a major blow of tremendous force that caused serious pain and injury.

14. Defendants knew that Richard suffered physical injury and experienced other serious medical and mental health needs and either participated in causing this injury, failed to prevent this injury, and/or failed to respond and adequately treat and care for Richard.

15. Defendants knew Richard suffered serious medical and mental health needs and knew he required care and observation.

16. Defendant Doran knew he was required to have custody and care of the jail of his county pursuant to § 55 ILCS 5/3-6017 and deliberately abdicated his responsibilities for the safety, security and welfare of Richard.

17. Defendants, including Defendant Doran, were aware of and responsible for complying with Illinois law that provides for County Jail Standards and specifically requires that "A jail officer shall provide personal observation, not including observation by a monitoring device, at

3

least once every 30 minutes." 20 Ill. Adm. Code 701.130(a)(2)(2008)

18. Despite Defendants' knowledge that Richard struggled with medical and mental health issues, they, and/or their policies were deliberately indifferent to Richard.

19. Defendants, including Defendant Doran caused, and/or were responsible for, the unlawful conduct described herein, and resulting injuries by, among other things, personally participating in the unlawful conduct, acts or omissions; failing to supervise, train or discipline those personally participating in unlawful conduct, acts or omissions; and/or acting jointly or conspiring with others who did so; by authorizing, acquiescing in or setting into motion, policies, practices, plans or actions that led to the unlawful conduct: by failing and refusing with deliberate indifference to Richard's rights, to initiate and maintain adequate training and supervision; and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

20. Defendants, including Defendant Doran, acting jointly and with other unsued persons, together and under color of law, reached an understanding, engaged in a course of conduct, engaged in joint action, and otherwise conspired among and between themselves to deprive Richard of his constitutional rights, and did deprive him of said rights, including his rights to due process as protected by the Eighth Amendment to the United States Constitution, and pursuant to 42 U.S.C. §1983.

21. In furtherance of this conspiracy or conspiracies, Defendants, including Defendant Doran, together with his co-conspirators, committed one or more of overt acts set forth above, including, but not limited to, the manipulation and alteration of false and totally unreliable evidence regarding the circumstances leading to and culminating in the death of Richard, and covering up the circumstances after Richard's death.

4

22.  Said conspiracy or conspiracies, joint actions and overt acts continue to this date, caused Richard's constitutional rights to be violated and the injuries resulting from his death.

23.  Defendants, including Defendant Doran, were deliberately indifferent to protecting Richard from harm and failed to prevent said harm, further failed to provide urgently needed medical care and their conduct was unreasonable in failing to protect Richard from harm.

24.  As a direct and proximate result of Defendants' acts, omissions and policies or absence of policies, Richard Gonzalez and his heirs suffered, inter alia, injury, pain, distress, loss of love, affection, society, companionship and consortium as well as other injuries as a result of his death and the continuing loss of his life.

## COUNT I
## [8th Amendment Cruel and Unusual Punishment Claim]

25.  Plaintiff realleges paragraphs 1 through 24.

26.  Plaintiff alleges an action pursuant to the Eighth Amendment against Defendants Doran and Does.

27.  Richard Gonzalez, taken into custody and incarcerated at the Ford County Jail, was in a special relationship with the Defendants, within the meaning of the case law interpreting 42 U.S.C. §1983 and the Eighth Amendment, which prohibits cruel and unusual punishment.

28.  Defendants, acting under color of law, intentionally and with conscious, callous, deliberate and unreasonable indifference deprived Richard of his constitutional rights.

29.  Defendants' acts and/or omissions constitute deliberate indifference to Richard's serious medical needs, was unreasonable and violated his rights under the Eighth Amendment to the United States Constitution, and violated 42 U.S.C. §1983.

30.  Defendants' conduct, actions and/or omissions were the direct and proximate cause

5

of the violations of Richard's Eighth Amendment rights, his mental suffering, anguish, and other injuries.

WHEREFORE, pursuant to the Eighth Amendment and 42 U.S.C. §1983, Plaintiff demands actual or compensatory damages against Defendants, and because they acted maliciously, wantonly, or oppressively, punitive damages against Defendants in their individual capacities, plus the costs of this action, plus attorneys' fees and such other and additional relief as this Court deems equitable and just.

## COUNT II
## [§1983 *Monell* Policy Claim Against Defendant Sheriff]

31. Plaintiff realleges paragraphs 1 through 24.

32. The actions of the Defendants were done pursuant to one or more interrelated *de facto* as well as explicit policies, practices and/or customs of the Defendant*s* Ford County and Sheriff Doran, their corrections department, their Boards, their Personnel Divisions, their agents and/or officials.

33. Defendant Doran, acting at the level of official policy, practice, and custom, with deliberate, callous, conscious and unreasonable indifference to Richard's constitutional rights, authorized, tolerated, and institutionalized the practices and ratified the illegal conduct herein detailed, and at all times material to this Complaint the Defendant Ford County and Sheriff Doran, their corrections department, their Boards, their Personnel Divisions, their agents and/or officials had interrelated *de facto* policies, practices, and customs which include, *inter alia*,

a) specifically directing and requiring corrections officials to fail and refuse to personally observe detainees for lengthy periods of time;

b) failing to maintain and keep up the structural conditions of the facility in order to allow

corrections officials to personally observe detainees at least every 30 minutes as required by law;

c) failing to provide adequate staffing or other reasonable means to allow corrections officials to keep detainees safe;

d) failing to properly train, supervise, discipline, transfer, monitor, counsel and otherwise control corrections officials and health care providers;

e) failing to appropriately and timely identify serious mental health and other medical issues and needs of detainees like Richard;

f) failing and refusing to provide adequate care, treatment and/or supervision for detainees like Richard;

g) failing and refusing to correct, discipline, and follow up on deficiencies noted in care, treatment and/or supervision of detainees; and/or

h) possessing knowledge of deficiencies in the policies, practices, customs and procedures concerning detainees, and approving and/or deliberately turning a blind eye to these deficiencies.

34.  In particular, correctional officers, health care providers and other employees are not properly trained in how to intake, screen, identify, refer and/or handle detainees with medical and mental health issues, and to manage and control the mental and physical health of detainees.

35.  Said interrelated policies, practices and customs, as set forth above, both individually and together, were maintained and implemented with deliberate indifference and unreasonably; and encouraged, *inter alia*, the failure to adequately observe detainees to identify problematic behavior and provide needed medical care, the failure to provide preventative health care, and the failure to provide adequate resuscitation equipment and training.

36.  Further, the constitutional violations and damages to Richard that occurred as

7

described herein were directly and proximately caused by: The unofficial and/or official, tacit and/or expressed; and otherwise unconstitutional policies of authorized policy makers, who deliberately ignored repeatedly subjecting detainees to unreasonable risk of harm, deliberately ignored violations of appropriate intake and screening procedures, deliberately ignored and failed to rectify repeated violations of appropriate personal observation procedures, and deliberately failed to supervise and control correctional officers and health care providers so as to prevent violations of detainees' rights.

37.  Said interrelated policies, practices and customs, as set forth above, both individually and together, were maintained and implemented with deliberate indifference and unreasonably; and, encouraged the Defendants to commit the aforesaid acts against Richard and therefore acted as direct and proximate causes of said constitutional violations, and resulting injuries.

38. The foregoing policies, practices, customs and omissions, maintained by Defendants Ford County and Sheriff Doran violated Richard's rights to not be cruelly and unusually punished under the Eighth Amendment.

WHEREFORE, Plaintiff demands judgment against Ford County and Sheriff Doran for compensatory damages, plus costs and attorneys' fees and whatever additional relief this Court finds equitable and just.

8

## COUNT III
## [State Law Claim for Wrongful Death]

39.  Plaintiff realleges paragraphs 1 through 24, 33.

40.  Richard Gonzalez left behind loving family members and friends, including his parents, siblings and children he cared for and those who survived him and constitute his heirs under Illinois law will be determined by a court of competent jurisdiction.

41.  Richard was officially pronounced dead on May 23, 2012.

42.  The wrongful death of Richard was proximately caused by the neglect, default, and/or willful and wanton conduct of the Defendants, as described above, in violation of 740 ILCS § 180/1.

43.  Defendants' wrongful conduct was the direct and proximate cause of injury and damage to Richard, his estate and his heirs.

44.  As next of kin, Richard's heirs have lost and will continue to lose, pecuniary support, consortium, society, companionship as well as the love and affection of their cherished father and have additional incurred other expenses as a proximate result of his wrongful death.

WHEREFORE, Plaintiff demands compensatory damages, jointly and severally, against Defendants and such other and further relief as this Court deems equitable and just.

## COUNT IV
## [State Law Claim for IIED]

45.  Plaintiff realleges paragraphs 1 through 24, 33.

46.  Defendants, individually and jointly, engaged in extreme and outrageous conduct as set forth in this Complaint, *inter alia*, refusing and failing to adequately care for or observe him, failing to respond to his serious medical needs and being deliberately indifferent to his suffering.

9

47. Defendants intended by subjecting Richard Gonzalez to such conduct to inflict severe emotional distress upon him and knew that their conduct would cause him and his family severe emotional distress.

48. As a direct and proximate result of Defendants' outrageous conduct, Richard was injured, and suffered actual damages.

WHEREFORE, Plaintiffs demand substantial compensatory damages, jointly and severally, against Defendants and such other and further relief as this Court deems equitable and just.

## COUNT V
### (State Law Claim for Conspiracy)

49. Plaintiff realleges paragraphs 1 through 24, 33.

50. Defendants with other unsued co-conspirators, and other correctional and health care providers, and supervisory personnel, together reached an understanding, engaged in a course of conduct, and otherwise jointly acted and/or conspired among and between themselves to deliberately deny Richard Gonzalez necessary care as well as to cover up their own misconduct.

51. In furtherance of this conspiracy or conspiracies, the Defendants named above, together with their unsued co-conspirators, committed the overt acts set forth in this Complaint.

52. Said conspirac(ies) and overt acts were and are continuing in nature, and were and are a proximate cause of Plaintiff's tortuous injuries under state law, as set forth above.

53. Defendants' and their co-conspirators' overt acts, as set forth above, which were committed jointly and/or while conspiring together to deliberately deny Richard Gonzalez necessary care and cover up their own misconduct, constitute the tort of conspiracy as set forth above.

10

WHEREFORE,  Plaintiff demands compensatory damages, jointly and severally, from Defendants because Defendants acted in a malicious, willful and/or wanton manner toward Richard, for punitive damages, plus the costs of this action and whatever additional relief this Court deems equitable and just.

## COUNT VI
### [State Law Claim for *Respondeat Superior* Against Sheriff/Ford County]

54.  Plaintiff realleges paragraphs 1 through 24, 33, 41, 45, 49-50.

55.  Defendants were, at all times relevant to this Count, employees and agents of the Ford County Sheriff. Each of the above named individual Defendants was acting within the scope of their respective employment, and his/her acts and omissions are directly chargeable to his/her respective employers, the Defendants Ford County Sheriff's Office, under state law pursuant to *respondeat superior*.

WHEREFORE, Plaintiff demands judgment for compensatory damages, jointly and severally from the Defendant Sheriff of Ford County.

## COUNT VII
### [745 ILCS 10/9-102 State Law Claim Against Defendants]

56.  Plaintiff realleges paragraphs 1 through 24, 33, 41, 45, 49-50.

57.  Pursuant to §9-102 of the Local Government and Governmental Employees Tort Immunity Act ("the Act"), a local public entity is directed to pay any tort judgment or settlement for compensatory damages for which it or an employee acting within the scope of his employment is liable.  745 ILCS 10/9-102.

58. Mark Doran, the Sheriff of Ford County, and the County of Ford are local public entities as defined in the Act.  745 ILCS 10/1-206.

59. Defendants were at all relevant times "employees" of the Sheriff of Ford County as defined by the Act. 745 ILCS 10/1-202. That definition includes "officers" and "employees."

60. Certain conduct of Defendants as described in this Complaint was willful and wanton as defined in the Act. 745 ILCS 10/1-1-210.

61. The conduct of Defendants, even if extreme and malicious, fell within the scope of their employment by the Sheriff's Office of Ford County and the County of Ford. Defendants did not engage in the wrongful conduct as private persons. Rather, they acted on behalf of defendant Sheriff of Ford County.

62. These Ford County Defendants acted while on duty in the course of their regular duties to oversee the processing, holding of detainees and safety and welfare of detainees at Ford County Jail. Their actions served the objective of the Office of the Sheriff of Ford County to process, take control of, care for, and hold detainees.

63. Pursuant to the Act, the Office of Sheriff of Ford County and/or the County of Ford are directly liable for the conduct of Defendants.

WHEREFORE, Plaintiffs demand judgment against the defendant Office of the Sheriff of Ford County and/or the County of Ford in the amount awarded to Plaintiff against any and all individual Ford County Defendants as damages, attorney's fees, costs and interest, and/or for any settlement entered into between the Plaintiff and the Defendants, and for whatever additional relief this Court deems equitable and just.

Respectfully submitted,

/s/Janine L. Hoft
JANINE L. HOFT
JAN SUSLER
People's Law Office
Attorneys for the Plaintiffs

12

1180 N. Milwaukee Avenue
Chicago, Illinois 60642
773/235-0070

Dated: May 23, 2013

**Plaintiff demands a jury trial on each and every count of this Complaint**